IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARRO V. DAMPIER**                                                                       **PLAINTIFF**

**AND**

**NATIONAL EXPRESS CORPORATION AND**                                 **INTERVENORS**
**OLD REPUBLIC INSURANCE COMPANY**

**V.**                                              **CIVIL ACTION NO. 3:24 cv 154-CWR-LGI**

**JAMES E. BATES**                                                                        **DEFENDANT**

### ORDER APPROVING THIRD PARTY SETTLEMENT

This cause came on this day for hearing before the United States District Court, Southern District of Mississippi, Northern Division, on the sworn *Petition for Approval of Third Party Settlement* of Charro Dampier, plaintiff, seeking authority for and approval of a compromise settlement as set out in said *Petition*. The *Petition* was joined in by the intervenors and defendants.

The Court finds that plaintiff has asserted a claim against James E. Bates, who was insured by Allstate Insurance, defendants, on account of the injuries allegedly received in this accident. Plaintiff, defendants, and intervenors have negotiated a compromise settlement the personal injury claim filed herein, as follows:

(1) Plaintiff has agreed to accept and defendants without any admission of liability whatsoever, through their insurer, Allstate, has indicated a willingness to pay to plaintiff the total sum of $100,000.00 (One Hundred Thousand Dollars and Zero Cents) as a compromise settlement of the personal injury action herein only for which plaintiff might have against the defendants as well as any person or entity that may be liable by, through or because of them;

(2) Intervenors have agreed to waive the entirety of their statutory lien, in exchange for a full and final release of the plaintiff's March 3, 2023 Mississippi workers' compensation claim (MWCC No. 2302189-R-9383).

(3) In return for the above-stated considerations, plaintiff and intervenors have agreed to execute full and complete releases in favor of defendants and any person or entity that may be liable by, through or because of defendants, for any and all claims of every nature, whether known or unknown, which any and all of them might have or hereafter have against defendants.

The Court has examined the petition and the compromise settlement proposed therein, has received evidence concerning same, has determined that plaintiff is represented by competent legal counsel and is fully advised in the premises; and the Court is of the opinion that the proposed settlement is just, fair and equitable, is in the plaintiff's best interest, and that the prayer of the petition should be granted.

The Court finds that plaintiff, intervenors, and defendants have a bona fide dispute and disagreement as to the extent of permanent disability, if any, suffered by plaintiff as a result of the accidental injuries set out in the petition, and that the case is a proper one for disposition. The Court further finds that the nature of the dispute in this case is such that the Court has authority to approve this settlement.

The Court further finds that plaintiff represents that no Social Security, Medicaid or Medicare benefits for these alleged injuries have been received and states specifically that any Social Security, Medicaid or Medicare benefits which may have been paid on his behalf concern medical problems totally unrelated to the injuries for which claim is being made herein. The plaintiff further states that, as of the date of his execution of the *Petition for Approval of Third Party Settlement*, he is not a Social Security, Medicaid or Medicare beneficiary.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the proposed settlement be, and the same is hereby, approved as being in the best interest of plaintiff and that upon consummation of this settlement, defendants be, and they are hereby, fully, finally, and forever acquitted and discharged from any and all liability to plaintiff on account of all personal injuries sustained by plaintiff in this accident and from all liability to intervenors on account of the aforesaid subrogation rights only.

IT IS FURTHER ORDERED that plaintiff be and he is hereby authorized and empowered to execute and deliver such full and final releases and acquittances which the defendants may require evidencing their complete release in the premises.

IT IS FURTHER ORDERED that intervenors be and it are hereby authorized and empowered to execute and deliver such full and final releases and acquittances which defendants may require to evidence its full release of all subrogation rights, known or unknown, of the intervenors.

IT IS FURTHER ORDERED that plaintiff is authorized to pay his attorneys the fees for services rendered and expenses as set forth in the *Petition for Approval of Third Party Settlement*.

ORDERED AND ADJUDGED this the __3rd__ day of ____June____, 2025.

_____
DISTRICT COURT JUDGE
CIVIL ACTION NO. 3:24 cv 154-CWR-LGI

APPROVED AND AGREED:

*/s/ Will Morton*

WILL MORTON, ESQ. (MS BAR NO. 102293)
PAUL OTT, ESQ. (MS BAR NO. 8742)
MORGAN & MORGAN
4450 OLD CANTON ROAD, SUITE 200
JACKSON, MS 39211
WMORTON@FORTHEPEOPLE.COM
POTT@FORTHEPEOPLE.COM
***ATTORNEYS FOR THE PLAINTIFF***


*Cory L. Radicioni* (With permission)

CORY L. RADICIONI, ESQ. (MS BAR NO. 101761)
WISE CARTER CHILD & CARAWAY, P.A.
P.O. BOX 651
JACKSON, MS 39205
CLR@WISECARTER.COM
***ATTORNEY FOR THE DEFENDANTS***


*/s/ Michael D. Young*

MICHAEL D. YOUNG, ESQ (MS BAR NO. 10801)
JUSTIN HASLEY, ESQ. (MS BAR NO. 105553)
MARKOW WALKER, P.A.
P.O. BOX 13669
JACKSON, MS 39236-3669
T: (601) 853-1911
F: (601) 853-8284
MYOUNG@MARKOWWALKER.COM
JHASLEY@MARKOWWALKER.COM
***ATTORNEYS FOR THE INTERVENORS***